(110 So. 696)
**FREEMAN v. STATE.** (4 Div. 264.)

(Court of Appeals of Alabama. Dec. 14, 1926.)

**1. Criminal law ⚖══649(1)—Refusal to halt proceedings, while defendant's counsel prepared certain written charges, rested within discretion of trial court.**

In prosecution for offense of having pistol on premises not defendant's, refusal of court to halt proceedings while defendant's counsel prepared certain written instructions which he desired given to jury rested within sound discretion of trial court.

**2. Criminal law ⚖══1043(1)—Exceptions could not avail in Court of Appeals where no grounds were assigned for any objection to testimony.**

Where no grounds were assigned for any objection made on taking of testimony, exceptions reserved could not avail in Court of Appeals.

Appeal from Circuit Court, Barbour County; J. S. Williams, Judge.

Good Freeman was convicted of an offense of having a pistol on premises not his own, and he appeals. Affirmed.

Guy W. Winn, of Clayton, for appellant.
Brief of counsel did not reach the Reporter.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

Counsel discuss the questions raised, but without citing authorities.

RICE, J. [1] Appellant, who was convicted in the circuit court of the offense of having a pistol on premises not his own, complains that upon the trial of the case the court would not halt the proceedings while his counsel prepared certain written charges which he desired given to the jury. The matter rested within the sound discretion of the trial court, and a reading of the record fails to disclose any abuse of that discretion.

[2] No grounds were assigned for any objection made on the taking of testimony, and the exceptions reserved cannot avail here.

We find nothing in any ruling of the trial court involving other than elementary principles of law. Nowhere is there apparent prejudicial error. In fact, the appellant seems to be guilty under his own statement.

The judgment is affirmed.
Affirmed.